*785 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial court’s limited closure of the courtroom during the testimony of complainant in this rape case did not constitute an abuse of discretion or a denial of defendant’s right to a public trial. The Trial Judge, having presided over defendant’s previous trial on the same charges, knew of the embarrassing nature of complainant’s testimony and was aware, in addition, of the “traffic” caused by courthouse employees who, out of curiosity, tended to come in and out of the courtroom during such testimony. No spectator was present at the time the closure order issued, nor was anyone seeking to gain admittance. There is no indication that the court excluded or intended to exclude any member of the public who sought to attend the trial; indeed, the court informed defendant that anyone whom he desired to be present would be admitted to the courtroom. Under the circumstances here presented, the court’s efforts to prevent disruption in the courtroom during complainant’s sensitive testimony provides no basis upon which to upset defendant’s conviction.
Moreover, no reversible error occurred in the People’s questioning of defendant concerning prior testimony of a codefendant on the first trial, inasmuch as the substance of the prior testimony was not introduced. With regard to the prosecutor’s questions regarding that prior testimony, no motion to strike or request for curative instructions was made. Accordingly, no further issue is presented for our review. Defendant’s remaining contentions, insofar as they are preserved, are without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.