■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 15, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he is entitled to specific performance of the plea agreement which he made on January 11, 1984 with an Assistant District Attorney is devoid of merit. A hearing was conducted as a result of which the plea bargain was found to have been that in return for the defendant's truthful cooperation and testimony against a codefendant, the prosecution would recommend that he be sentenced to an indeterminate term of imprisonment of 4 to 8 years. The defendant was apprised of the fact that the prosecutor's promise was not binding on the court. The court which accepted the defendant's guilty plea made no promises with respect to the recommended sentence *(cf., People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Under the circumstances, it did not err in imposing a harsher sentence.

There is no evidence on record that the defendant was deprived of meaningful representation by counsel *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Taylor,* 105 AD2d 814).

The defendant's remaining claims were either waived by his plea of guilty *(People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338; *People v Mitchell,* 128 AD2d 731), or are without merit. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.