■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CROWDER, Appellant. [616 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered July 11, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal sale and possession of a controlled substance in connection with the sale of three vials of crack cocaine to an undercover officer. Prior to the officer's testimony at trial, a hearing was held pursuant to People v Hinton (31 NY2d 71, cert denied 410 US 911) to determine whether the closure of the courtroom during that testimony was appropriate.

At the Hinton hearing the undercover officer, whose command at the time of trial and for the 19 months prior thereto was the Brooklyn South Tactical Narcotics Squad, testified that she was still engaged in long and short term undercover narcotics investigations. During her tenure with that squad, she participated in approximately 120 undercover purchases of narcotics. She further testified that her life would be in danger if her status as an undercover officer were made public because she was still engaged in undercover activity, and she had open cases in Kings County. In fact, the undercover officer indicated that while she was purchasing drugs, sellers threatened that they would kill her if they were to find out that she was a police officer. Moreover, she did not come into the courtroom through the front doors when arriving to testify, but instead entered the back way. At the conclusion of the hearing, the trial court ordered the courtroom closed during the officer's testimony.

The defendant contends that he was denied his right to a

public trial (US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) when the trial court ordered the temporary closure of the courtroom. We disagree. Contrary to the defendant's assertion, the undercover officer's testimony did not consist merely of " 'unparticularized impressions of the vicissitudes of undercover narcotics work in general.' *([People v] Jones,* 47 NY2d [409], at 415 *[,cert denied* 444 US 946])" *(People v Martinez,* 82 NY2d 436, 443). The officer made particularized references to the work she had been doing and would continue to do, the area of Brooklyn where she engaged in that activity, specified threats that she received which might be realized if her identity became public knowledge, and the very real dangers to which she would be exposed in that event *(see, People v Martinez,* 82 NY2d 436, 443, *supra).* Based upon that testimony, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officer's testimony *(cf., People v Martinez, supra,* at 441).

Also without merit is the defendant's contention that his guilt was not proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Torres,* 80 NY2d 944; *People v Velasco,* 77 NY2d 469). Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.