■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAS GUTIÉREZ, Appellant. [618 NYS2d 313] —Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered February 28, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's decision to close the courtroom during the testimony of the undercover officer was based on a sufficient factual showing *(People v Martinez,* 82 NY2d 436, 443), and the same facts justified exclusion of defendant's family *(compare, People v Santos,* 154 AD2d 284, 285-286, *lv denied* 75 NY2d 817, *with People v Kin Kan,* 78 NY2d 54, 58-59). While

we agree that exclusion of defense counsel's colleagues or supervisors would be overbroad *(People v Mercer [Nathaniel],* 204 AD2d 741), no such ruling was made. A Legal Aid attorney other than trial counsel was present and permitted to remain, and the court merely indicated that any latecoming colleagues who might arrive in the midst of the undercover officer's testimony would be excluded as an administrative measure to avoid disruption. Such a ruling does not constitute a "closure" of the proceedings *(People v Colon,* 71 NY2d 410, 416, *cert denied* 487 US 1239; *People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975).

Defendant's argument that he was prejudiced by the belated disclosure of exculpatory evidence is unpreserved and we decline to review it in the interest of justice. Were we to review, we would find that defendant was afforded ample opportunity to make use of this evidence *(People v Cortijo,* 70 NY2d 868, 870). Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.