■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DAVIS, Appellant. [620 NYS2d 15] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 14, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The Supreme Court's closure of the courtroom to the general public during the testimony of Undercover Officer 20302 was improper. At the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71), the subject undercover officer testified merely that he was presently participating in an ongoing undercover operation, that some of his prior 200 buys were still pending, and that during those buys his safety had been imperiled. We find that the People's perfunctory showing was insufficient to meet the standard for closure as enunciated by the Court of Appeals *(see, People v Martinez,* 82 NY2d 436; *cf., People v Crowder,* 207 AD2d 559).

In addition, the court's exclusion of the defendant's wife from the courtroom during the testimony of both Undercover Officer 20302 and Undercover Officer 3399 was improper because there is no evidence in the record indicating that her presence would endanger the undercover officers *(see, People v Kin Kan,* 78 NY2d 54; *People v Mercer,* 204 AD2d 741; *see also, Vidal v Williams,* 31 F3d 67).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.