(September 21, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARISOL HERRERA, Appellant. [631 NYS2d 660] —Judgment, Supreme Court, New York County (Clifford Scott, J., at suppression hearing; Budd G. Goodman, J., at trial and sentence), rendered July 1, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing her, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. Although defendant was somewhat shorter and weighed less than the "fillers" in the lineup, any significant discrepancies in height and weight were eliminated by having the participants in the lineup seated, holding a card with a number in front of them (see, People v Tyler, 199 AD2d 102, lv denied 82 NY2d 931). Thus, the lineup was not unduly suggestive (People v Chipp, 75 NY2d 327, cert denied 498 US 833).

Because defendant deliberately absented herself from the courtroom after trial had begun and after she was clearly warned that the trial would continue in her absence, she forfeited her right to be present (People v Brooks, 75 NY2d 898, 899, amended 76 NY2d 746), notwithstanding that she was briefly in custody during that absence, owing to an unrelated arrest (People v Jones, 163 AD2d 203, lv denied 76 NY2d 987).

It was also not an improvident exercise of discretion for the court to have denied her motion for a severance (CPL 200.40 [1]; *People v Cruz*, 66 NY2d 61, *revd on other grounds* 481 US 186) or to preclude her from introducing the testimony of a psychologist with respect to the Battered Woman's Syndrome. Defendant was tried jointly with an alleged accomplice, who defendant contended had abused and coerced her into committing the crime. There was, however, no showing that the defenses of the co-defendants were in irreconcilable conflict with each other (*People v Mahboubian*, 74 NY2d 174, 184). Moreover, given that defendant chose to absent herself and, therefore, to forfeit her right to testify against her alleged accomplice, the joint trial, which allowed the use of the same evidence, including complainant's testimony against the co-defendant, did not cause undue prejudice to defendant. In the absence of testimony by defendant laying a foundation regarding the co-defendant's alleged abusive behavior toward her, the psychologist's diagnosis would not have been based on admissible evidence (*see, People v Jones*, 73 NY2d 427). Moreover, since defendant failed to cooperate with the prosecution's psychologist and further failed to offer other evidence beside the proposed testimony of her psychologist, the proffered testimony was properly excluded (*see*, CPL 250.10 [5]).

Were we to review defendant's unpreserved challenge to the court's charge we would find that although the court could have been more consistent in its charge and recharge in respect to the theory of acting in concert, the charge, viewed as a whole, conveyed the correct standard of law to the jury with respect to this defendant (*People v Canty*, 60 NY2d 830). In light of the seriousness of the crime of which defendant was convicted, her decision to abscond during trial and the fact that she committed another crime during her absence, the sentence imposed, six months more than the statutory minimum, was not excessive. Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.