■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO ORELLANO, Appellant. [633 NYS2d 545] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 19, 1994, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

At a hearing conducted pursuant to *People v Hinton* (31 NY2d 71), the undercover officer testified that she planned to return to the area of the defendant's arrest, feared testifying in the presence of the defendant's friends and his mother, with whom she had contact during the investigation, and feared that revealing her identity would endanger herself and the integrity of her cases. She further testified that she had received threats in the past, and took steps to prevent being revealed as a police officer. We find that this testimony justified closure of the courtroom during the undercover officer's testimony *(see, People v Martinez,* 82 NY2d 436; *People v Forman,* 215 AD2d 582; *People v Crowder,* 207 AD2d 559; *People v Hosien,* 204 AD2d 658).

Contrary to the defendant's claim, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish that the defendant had knowledge that the cocaine he pos-

sessed weighed at least 500 milligrams. The defendant negotiated a price for the cocaine, was aware that the aggregate weight of the substance he obtained approached one-eighth of an ounce, and told the undercover officer that the cocaine was very good because his dealer was reliable. Moreover, the defendant testified that he was very familiar with known drug purchasing locations, had purchased and used cocaine on prior occasions, and was familiar with packaging methods for cocaine. Under these circumstances, a jury could have inferred that the defendant knew that the substance, which weighed in the aggregate over 3,400 milligrams and contained 2,600 milligrams of cocaine, contained at least 500 milligrams of cocaine (see, People v Ryan, 82 NY2d 497, 505; People v Hill, 85 NY2d 256; People v Paul, 212 AD2d 1020). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The court instructed the jury that the People were required to prove that the cocaine the defendant possessed weighed at least 500 milligrams "to the knowledge of the defendant", and that the cocaine was "known to the defendant to weigh 500 milligrams or more". These instructions clearly conveyed to the jury that knowledge of the weight was an element the People were required to establish to find the defendant guilty of criminal possession of a controlled substance in the fifth degree. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.