■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN PARRISH, Appellant. [637 NYS2d 802] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered October 18, 1993, convicting her of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of numerous crimes arising out of her arrest for the sale and possession of controlled substances. Two undercover police officers who were involved in the defendant's arrest testified at Hinton hearings (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911) to determine whether or not the courtroom should be closed during their trial testimony. One officer testified that he was currently assigned to the Brooklyn South Narcotics District and prior to this he was assigned to the "Brooklyn South TNT". The officer stated that he was currently involved in a long-term undercover

drug operation in which none of the subjects have yet been arrested. He planned to return to that operation after he completed his testimony at the defendant's trial. He further testified that because he was also continuing to "make buys" on the street he would be in danger were he forced to testify publicly. Additionally, he stated that being forced to testify publicly would prevent him from operating effectively as an undercover officer.

That officer admitted, however, that he had never been threatened by any "buy subject". He further admitted that his identity as an undercover officer was in fact known to a few close friends outside the police department. Finally, he reiterated that he was still working undercover in Kings County.

The second undercover officer, the actual buyer in this case, testified at a separate *Hinton* hearing that he has been assigned as an undercover officer with the Brooklyn South Narcotics Team for almost two years. He admitted not being involved in any long-term narcotics operations. However, he stated that he felt that his safety would be threatened if he were forced to testify in an open courtroom since he was still active in so-called "buy and bust" operations in the field. This officer also stated that he would not be able to operate effectively as an undercover officer if he were forced to so testify. He stated that he had been threatened about 10 times by subjects of "buy and bust" operations, but admitted that all of these threats occurred prior to the arrests of the subjects who threatened him. Finally, the officer stated he was still working as an undercover officer "in these certain locations".

The officer also stated that testifying in an open courtroom would prevent him from operating effectively as an undercover officer. However, when questioned by the defendant's counsel, he admitted he had not been threatened by the defendants in the matter at bar, or by anyone in the area around the courtroom.

We find the testimony of both officers to have been insufficient to justify the closing of the courtroom and therefore reverse. Both officers identified the operational locations of their future undercover work only as "Brooklyn South". Since the officers failed to more particularly identify the location of their future undercover work, the testimony of each of the officers, in essence, merely restated the general vicissitudes of undercover work and failed to show the particularized references to his own work needed to justify the closure of a courtroom. Therefore, it was improper to have closed the courtroom during their testimony *(see, People v Martinez,* 82 NY2d 436; *People*

*v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Davis,* 210 AD2d 345; *cf., People v Skinner,* 204 AD2d 664; *People v Jamison,* 203 AD2d 385).

In light of this determination we need not reach the defendant's remaining contentions. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.