■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ESCABAR, Also Known as FRANCISCO ESCOBAR, Ap-

pellant. [641 NYS2d 368] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered August 9, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree in connection with a sale of crack cocaine to an undercover police officer. Prior to the officer's testimony at trial, a hearing was held pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911) to determine whether closure of the courtroom during that testimony was appropriate.

At the *Hinton* hearing, the officer testified that he expected to return to working undercover in the area of the defendant's arrest. He stated that he had several ongoing undercover investigations in that area in which the subjects had not yet been apprehended. He had also received threats from various subjects in that area that he would be killed if it was learned that he was a police officer. In addition, he came to the courthouse in an unmarked car, dressed in plain clothes, and was escorted in through a nonpublic entrance. Based on these circumstances, the trial court ordered the courtroom closed during the officer's testimony.

The defendant contends that these facts did not justify closure of the courtroom. We disagree. Contrary to the defendant's contention, the undercover officer's testimony sufficiently specified the dangers that he would be exposed to if his identity was discovered (*see, People v Martinez,* 82 NY2d 436; *People v Crowder,* 207 AD2d 559). Accordingly, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover police officer's testimony (*see, People v Crowder, supra).*

Furthermore, the defendant's contention that he was denied his right to confront one of the People's expert witnesses, because his request for an interpreter was denied, is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, this contention is without merit since the witness, a police chemist, responsively answered the defense counsel's questions (*see, People v Ayala,* 186 AD2d 577).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.