■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CAMPBLE, Appellant. [647 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered February 4, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court improperly closed the courtroom during the testimony of the undercover police officer who purchased crack-cocaine from the defendant. The sole witness at the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) was the undercover officer, who testified that he was assigned to the Brooklyn South Narcotics unit, and was previously assigned to the Brooklyn South TNT unit. He continued to work undercover in the area covered by the Brooklyn South Narcotics unit. He further testified that he had "open cases" involving subjects who had been arrested but not yet tried, from operations conducted within a two-to-three mile radius of the defendant's arrest, but did not indicate that he would be returning to the area of the defendant's arrest in an undercover capacity. Since the officer failed to "more particularly identify the location of [his] future undercover work", his testimony "in essence, merely restated the general vicissitudes of undercover work and failed to show the particularized references to his own work needed to justify the closure of the courtroom" *(People v Parrish,* 224 AD2d 553; *see, People v Martinez,* 82 NY2d 436).

In light of our determination, we need not reach the defendant's remaining contentions. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.