■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FIGUEROA, Appellant. [665 NYS2d 330] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered September 6, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's allegations of prosecutorial misconduct during summation are unpreserved for appellate review (see, CPL 470.05 [2]; People v Williams, 46 NY2d 1070). In any event, the remarks were, for the most part, responsive to arguments advanced by the defense (see, People v Ortiz, 217 AD2d 425). Even assuming the impropriety of some of the remarks, they did not constitute reversible error (see, People v Crimmins, 36 NY2d 230).

The defendant's contentions regarding the allegedly improper

closure of the courtroom during the testimony of Undercover Officer 6800 are unpreserved for appellate review (*see, People v Latta*, 222 AD2d 303; *People v Hammond*, 208 AD2d 559). In any event, they are without merit, as are his allegations of impropriety with respect to courtroom closure during the testimony of the other undercover officers. In light of the evidence adduced at each of the *Hinton* hearings (*see, People v Hinton*, 31 NY2d 71), we conclude that the trial court did not err in determining that overriding interests were likely to be prejudiced by open-court testimony (*see, People v Ayala*, 90 NY2d 490). In addition, implicit in the trial court's decision was a determination that "no lesser alternative would protect the articulated interest[s]" (*People v Ayala, supra*, at 504). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.