■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MARTINEZ, Appellant. [670 NYS2d 340] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 9, 1997, convicting him of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the allegedly improper closure of the courtroom during the testimony of an undercover police officer and the allegedly unreasonable alternative offered are unpreserved for appellate review (*see, People v Figueroa,*

244 AD2d 354; *People v Hammond,* 208 AD2d 559; *People v Latta,* 222 AD2d 303). In any event, they are without merit. The officer's testimony at the *Hinton* hearing established that (1) he is involved in long-term undercover operations in a certain area which he plans to return to after testifying, (2) while testifying before a Grand Jury, he does not mingle with the general public and stays in an undercover room, (3) he never appears in public in a uniform, never rides in marked police cars, and never appears in public with uniformed police officers, (4) he does not enter the courthouse through the main entrance, (5) he has approximately six open cases pending before the Supreme Court, Kings County, and (6) he has seven or eight "lost subject" cases (cases involving people who have sold narcotics to police officers but have not been apprehended). Furthermore, he explained that testifying in open court would jeopardize his safety because he may be seen by one of his open-case subjects. If he were to be recognized, his safety could be jeopardized and/or his effectiveness as an undercover officer would be compromised. Under these circumstances, the trial court did not improvidently exercise its discretion in concluding that testifying in open court might endanger the undercover officer's safety or compromise his effectiveness (*see, People v Martinez,* 82 NY2d 436, 443).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.