■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENFORD JACOBS, Appellant. [674 NYS2d 119] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 11, 1996, convicting him of criminal sale of a controlled substance in the first degree (three counts) and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly exercised its discretion when it closed the courtroom during the trial testimony of two undercover officers. Both officers testified at the *Hinton* hearing that they were still active in undercover work in the area of the defendant's arrest, that they had lost subjects in the area and/or had arrests that had not yet been made, and that they entered the courthouse discretely and feared for their safety if they were compelled to testify in open court (*see, People v Martinez*, 82 NY2d 436; *People v Kin Kan*, 78 NY2d 54; *People v Oliver*, 244 AD2d 576).

The defendant's *Batson* challenge (*see, Batson v Kentucky*, 476 US 79) is unpreserved for appellate review insofar as he failed to make a record with respect to all of the jurors against whom the prosecutor allegedly exercised peremptory challenges in a discriminatory manner even after the Supreme Court offered the defendant the opportunity to do so. In any event, with respect to the one juror for whom the prosecutor did proffer an explanation for his exercise of a peremptory challenge, without disputing the issue of whether a prima facie case of racial discrimination had been established, the Supreme Court found that at least one of the prosecutor's explanations was persuasive. Accordingly, the rejection by the Supreme Court of the defense claim is supported by the record (*see, People v Allen*, 86 NY2d 101; *People v Richie*, 217 AD2d 84).

The defendant's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.