■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA LANHORN, Appellant. [724 NYS2d 608] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 2, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Upon completion of the *Hinton* hearings, defendant clearly acquiesced in the court's determination to close the courtroom during the undercover officers' testimony. Thus, her present challenge to that ruling is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony at the *Hinton* hearings was sufficient to establish a substantial probability that the officers' safety and effectiveness would be prejudiced by their testimony in open court (*see, People v Ayala*, 90 NY2d 490, 498-500, *cert denied* 522 US 1002). Both officers expected to continue undercover operations in the vicinity of defendant's arrest in the near future, and both had open cases and lost subjects from the area. Furthermore, the officers, who had been threatened in the past in the area of defendant's arrest, took precautions to conceal their identity.

Defendant's remaining claims of deprivation of her right to a public trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's ruling that defendant's family members could enter only upon submission to a screening procedure was not even a partial closure, since no one was excluded, and was in any event proper (*People v Perez*, 245 AD2d 71, *lv denied* 91 NY2d 976; *see also, United States v DeLuca*, 137 F3d 24, 32-35, *cert denied* 525 US 874; *United States v Brazel*, 102 F3d 1120, 1155-1156, *cert denied* 522 US 822), and we would also find that the brief exclusion of certain attorneys associated with counsel for the codefendant who sought entry in the midst of testimony did not implicate public trial concerns (*People v Colon*, 71 NY2d 410, 416, *cert denied* 487 US 1239; *People v Glover*, 60 NY2d 783, 785, *cert denied* 466 US 975; *People v Gutierez*, 209 AD2d 217, *revd on other grounds* 86 NY2d 817; *see also, Bell v Evatt*, 72 F3d 421, 433, *cert denied sub nom. Bell v Moore*, 518 US 1009). Concur— Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.