■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CASPER, Appellant. [731 NYS2d 652] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered September 25, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence was legally sufficient to establish that the defendant's actions constituted the sale of a controlled substance. The defendant, knowing that undercover officers were looking to purchase drugs from him, showed the crack cocaine to the officers, and gave it to them (*see, People v Mike,* 92 NY2d 996, 998-999; *People v Starling,* 85 NY2d 509; *People v Lam Lek Chong,* 45 NY2d 64; Penal Law § 220.00 [1]).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court denied him the right to a public trial by closing the courtroom during the testimony of an undercover officer is unpreserved for appellate review (*see, People v Martinez,* 248 AD2d 730; *People v Figueroa,* 244 AD2d 354; *see also, People v Lanhorn,* 283 AD2d 254).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review or without merit. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.