■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD GOROVOY, Appellant. [765 NYS2d 275] —Appeal by the defendant, as limited by his brief, from an amended sentence of the County Court, Orange County (DeRosa, J.), rendered May 18, 2001, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated two conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of reckless endangerment in the first degree.

Ordered that the amended sentence is affirmed.

The defendant's written waiver of his right to appeal, executed on September 30, 1999, precludes him from arguing on appeal that the amended sentence which the County Court imposed was excessive (*see People v Pitter,* 272 AD2d 416 [2000]; *People v Strunkey,* 268 AD2d 492 [2000]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Florio, Krausman, H. Miller and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST GRANT, Appellant. [765 NYS2d 275] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered October 24, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court deprived him of his right to a public trial by closing the courtroom during the testimony of two undercover officers is unpreserved for appellate review (*see People v Casper,* 287 AD2d 575 [2001]). In any event, the testimony adduced at the *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) revealed that closure was necessary to protect the safety of the undercover officers and the integrity of their ongoing investigations (*see People v Hargett,* 293 AD2d 757 [2002]; *People v Akaydin,* 258 AD2d 466 [1999]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.