THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SWEENEY, Appellant. [808 NYS2d 637]—

Judgment, Supreme Court, New York County (Eduardo Padro,

J.), rendered July 8, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence established that defendant was part of a drug-selling operation and was not acting as the buyer's agent.

Once the prosecution met the burden of showing that closure of the courtroom to the general public was required in order to protect the safety of the undercover officers, the burden shifted to defendant to demonstrate that an exception to the closure was warranted with regard to his friend because that person was "linked to him by some tie of more significance than ordinary friendship" (*People v Nazario*, 4 NY3d 70, 74 [2005]). Since defendant failed to make such a showing, the People were not required to establish that the proposed spectator posed a particular threat to the undercover officers, and the court properly excluded defendant's friend from the courtroom during those officers' testimony. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.