■ The People of the State of New York, Respondent, v Robert Kordish, Appellant. [33 NYS3d 434]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 17, 1992, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and sentencing him to an indeterminate term of imprisonment of 8 to 16 years.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate term of imprisonment from 8 to 16 years to an indeterminate term of imprisonment of 5 to 10 years; as so modified, the judgment is affirmed.

In 1992, the defendant, then 22 years old, was charged with criminal sale of a controlled substance in the third degree after selling 21 grains of cocaine, weighing 12.68 milligrams, to an undercover officer for $60 in a street transaction. At that time, the defendant was on probation for a prior conviction of the same offense.

The defendant failed to appear in court on the scheduled trial date. As a result, he was tried and convicted, in absentia, after a nonjury trial. In June 1992, the defendant was sentenced, in absentia, as a second felony offender, to an indeterminate term of imprisonment of 8 to 16 years.

In 2009, the defendant was arrested in Florida on unrelated

charges, and was incarcerated there until 2012. The defendant was returned to New York, and on May 21, 2012, the defendant appeared before the Supreme Court, Queens County, and the court executed the sentence imposed in 1992.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's claim that he was acting as an agent of the undercover officer in the narcotics transaction (*see People v Herring*, 83 NY2d 780, 783 [1994]; *People v Greene*, 303 AD2d 521 [2003]; *People v Clifford*, 288 AD2d 391 [2001]; *People v Leybovich*, 201 AD2d 670, 670-671 [1994]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was denied his right to a public trial (*see* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Martinez*, 82 NY2d 436, 441 [1993]) when the trial court closed the courtroom during the testimony of two undercover officers (*see People v Hinton*, 31 NY2d 71 [1972]), is unpreserved for appellate review (CPL 470.05 [2]) and, in any event, without merit (*see People v Echevarria*, 21 NY3d 1, 13-14 [2013]; *People v Nazario*, 4 NY3d 70, 74 [2005]; *People v Ramos*, 90 NY2d 490, 498-499 [1997]; *People v Martinez*, 82 NY2d 436, 442 [1993]; *People v Thomas*, 52 AD3d 626 [2008]; *People v Jacobs*, 251 AD2d 427 [1998]; *People v Martinez*, 248 AD2d 730 [1998]; *cf. People v Parrish*, 224 AD2d 553 [1996]).

"An intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (*People v Delgado*, 80 NY2d 780, 783 [1992]; *see* CPL 470.15 [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]). Our sentencing review power "may be exercised, if the interest of justice warrants, *without deference to the sentencing court*" (*People v Delgado*, 80 NY2d at 783 [emphasis added]). In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, "among other things, the

crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence" (*People v Farrar*, 52 NY2d 302, 305 [1981]; *see People v Suitte*, 90 AD2d 80, 83-84 [1982]).

Here, taking into account the circumstances of the defendant's nonviolent felony drug conviction, which involved the sale of a relatively small amount of cocaine for the sum of $60, the defendant's prior nonviolent felony drug offense, the probation department's finding that the then 22-year-old defendant had a $100 per day drug addiction at the time, and that the People recommended a lower sentence than what was imposed, we find that, even considering that the defendant absconded, the sentence of 8 to 16 years imprisonment was unduly harsh and severe.

Accordingly, under these circumstances, we modify the judgment by reducing the sentence imposed to the extent indicated.

We note that our dissenting colleague points out that in one of the three cases reviewed by the Court of Appeals in *People v Delgado* (80 NY2d 780 [1992]), the Court of Appeals upheld a judgment sentencing the defendant to a term of 8 to 16 years of imprisonment for criminal possession of a controlled substance in the third degree. However, in *Delgado* the Court of Appeals did not consider the question of whether any particular sentence was unduly harsh or severe. Indeed, "[i]t is well settled that any question as to whether an otherwise lawful sentence is harsh or severe in a particular case involves a type of discretion not reviewable by the Court of Appeals" (*People v Thompson*, 60 NY2d 513, 521 [1983]). Rather, the Court of Appeals clarified that we, as an intermediate appellate court, have the authority to modify sentences in the interest of justice, without deference to the sentencing court (*see People v Delgado*, 80 NY2d at 783). As noted in *People v Suitte*, this power allows the Appellate Division "to rectify sentencing disparities, reach extraordinary situations, and effectively set sentencing policy through the development of sentencing criteria" (*People v Suitte*, 90 AD2d at 86). Hall, Cohen and Barros, JJ., concur.

Dillon, J.P., concurs in part and dissents in part, and votes to affirm the judgment appealed from, with the following memorandum: I respectfully dissent from so much of the majority's determination as reduced the defendant's sentence as excessive, and vote to affirm the judgment of conviction.

In my view, the sentence imposed by the Supreme Court was not harsh or excessive (*see People v Farrar*, 52 NY2d 302

[1981]; *People v Suitte*, 90 AD2d 80, 85 [1982]), as it was in the middle of the permissible statutory range (*see* Penal Law § 70.06 [3] [b]), and was a provident exercise of the Supreme Court's discretion under the circumstances of this case. The defendant was a second felony offender, arrested while on probation for an identical prior conviction, from which he had learned no lessons, and demonstrated disdain for the criminal justice system by absconding from the jurisdiction prior to his trial and sentence. This appeal is precipitated by the defendant having been arrested on a newer, unrelated charge in Florida, which resulted in his return to New York custody after 17 years as a fugitive.

The Appellate Division and the Court of Appeals reviewed and upheld an identical result in a similar matter, *People v Diaz* (177 AD2d 406 [1991], *affd sub nom. People v Delgado*, 80 NY2d 780 [1992]). In *Delgado*, the Court of Appeals, and the Appellate Division before it, affirmed three separate judgments where each defendant was sentenced, as here, as a second felony offender upon being convicted of criminal possession of a controlled substance in the third degree. In the second of the *Delgado* appeals, the defendant, Julio Diaz, was sentenced, as here, to an indeterminate term of imprisonment of 8 to 16 years (*see People v Delgado*, 80 NY2d at 781). While every sentence represents a balancing of factors that are unique to each case, here, the defendant proffers little argument that persuasively militates in favor of our Court's leniency. Interestingly, in *Delgado*, the defendant, Diaz, did not abscond from the jurisdiction, and he was nonetheless sentenced to the identical indeterminate term of imprisonment as was the defendant in this matter.

Indeed, a defendant's decision to abscond from the jurisdiction before or during trial is an important and appropriate consideration to take into account at the time of sentencing (*see People v Herrera*, 219 AD2d 511, 512 [1995]). Absconding from the jurisdiction evinces a lack of character, which was appropriately considered by the sentencing court at the time the discretionary sentence was imposed (*see People v Latham*, 35 AD2d 759, 760 [1970]). While arguments can be made that a sentence of an indeterminate term of imprisonment of 8 to 16 years would be excessive under more typical or milder circumstances, it is the act of the defendant's absconding, known to the court at the time of sentencing, that appropriately elevates the sentence to the level imposed. The fact that the People had recommended an indeterminate term of imprisonment of 6 to 12 years requires no different result, as a sentenc-

ing court may impose discretionary penalties that exceed the People's recommendation (*see People v McCann*, 303 AD2d 780, 781 [2003]; *see also People v McKenzie*, 28 AD3d 942, 943 [2006]; *People v Moore*, 270 AD2d 715, 716 [2000]; *People v Anonymous*, 130 AD2d 497 [1987]).

Finally, since the defendant is potentially eligible for a sentence reduction under the Drug Law Reform Act of 2009 (*see* CPL 440.46), there is even less of a basis for this Court to modify the sentence on appeal, as the defendant is vested with a procedural mechanism for a review of his sentence that is more current, appropriate, and specific to the circumstances.

For the foregoing reasons, I vote to affirm the defendant's judgment of conviction.