People v Murdock (2019 NY Slip Op 06801)





People v Murdock


2019 NY Slip Op 06801


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-06993
 (Ind. No. 1316/16)

[*1]The People of the State of New York, respondent,
v
Terence Murdock, appellant.


Steven S. Siegel, PLLC, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Jacqueline Rosenblum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William J. O'Brien, J.), rendered June 21, 2017, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), upon his plea of guilty, and sentencing him to a term of incarceration of one year and a period of probation of three years. By decision and order on motion dated July 18, 2017, this Court, inter alia, granted that branch of the defendant's motion which was for a stay of execution of so much of the judgment as imposed a period of incarceration upon him pending hearing and determination of the appeal.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a term of incarceration of 1 year to a term of incarceration of 90 days with credit for time served; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50(5).
On August 4, 2016, the defendant entered a plea of guilty to driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), a class A misdemeanor, and agreed to abide by certain conditions set forth in a plea and sentence contract (hereinafter the plea agreement). Pursuant to the terms of the plea agreement, the defendant was to serve 90 days in "the Nassau County Jail's Drug Alcohol Rehabilitation Treatment (DART) program" before he was sentenced, followed by 1 year of interim probation, and be subjected to 30 days of transdermal alcohol monitoring following his release from jail. During the period of interim probation, the defendant was to attend treatment sessions under a Screening Treatment Evaluation Prevention (hereinafter STEP) program. He was also required to install an ignition interlock device on any motor vehicle owned or operated by him, and undergo an eight-month period of monitored personal breath testing. In the event that the defendant complied with the conditions of the plea agreement, he would be sentenced to a term of incarceration of 90 days followed by a period of probation of 3 years with alcohol conditions, with credit for the 1-year period of interim probation. In the event that the defendant failed to comply with the conditions of the plea agreement, he would be subjected to an enhanced sentence of one year of incarceration followed by three years of probation with alcohol conditions. Moreover, if the transdermal alcohol monitoring device indicated that the defendant had consumed alcohol, the defendant would be sentenced to, inter alia, 30 days of house arrest.
In accordance with the terms of the plea agreement, the defendant surrendered to the Nassau County Sheriff's Department to commence his term of incarceration. During that time period, he participated in the DART program at the Nassau County Correctional Center. Prior to entering into the plea agreement, the defendant had begun attending a program entitled "Bridge Back to Life." Upon release from the Nassau County Correctional Center, the Probation Department referred the defendant to resume participation in this program. However, the defendant's participation could not be resumed at that time due to the loss of his healthcare benefits and lack of funds related to the fact that his employment had been suspended as result of his arrest. When the defendant's health insurance was reinstated, he re-entered the program.
The transdermal monitoring device indicated that the defendant consumed alcohol on October 29, 2016. For that violation, the plaintiff served 30 days of house arrest.
On June 21, 2017, the Supreme Court imposed the enhanced sentence of one year of incarceration followed by a three-year period of probation, as requested by the People, as a result of the defendant's failure to attend treatment sessions in compliance with the terms of the plea agreement.
Due process requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition (see People v Valencia, 3 NY3d 714, 715; People v Outley, 80 NY2d 702, 712). Notwithstanding the defendant's contention that the Supreme Court was required to conduct a hearing to determine whether he had violated the terms of the plea agreement, the court in this case conducted an inquiry sufficient to determine that the defendant violated the agreement by, inter alia, failing to attend treatment sessions required under a STEP program (see People v Youmans, 106 AD3d 1036, 1037; People v Kitchens, 46 AD3d 577, 578). Consequently, the defendant's due process rights were not violated when the sentencing court imposed the enhanced sentence without first conducting a hearing (see People v Foster, 153 AD3d 1429, 1429-1430).
Moreover, it is undisputed that the defendant failed to comply with the express terms of the plea agreement with respect to attending treatment sessions required under a STEP program.
Due to the defendant's failure to comply with the conditions of the plea agreement, the Supreme Court "had the right to impose a greater sentence" (People v Grant, 122 AD3d 767, 767; see People v Figgins, 87 NY2d 840, 841; People v Hubbard, 105 AD3d 760).
However, even though the Supreme Court had a right to enhance the sentence, this Court has broad, plenary power to modify an enhanced sentence that is unduly harsh or severe under the circumstances (see CPL 470.15[6][b]; People v Delgado, 80 NY2d 780; People v Thompson, 60 NY2d 513, 519). "Our sentencing review power may be exercised, if the interest of justice warrants, without deference to the sentencing court'" (People v Kordish, 140 AD3d 981, 982 [emphasis omitted], quoting People v Delgado, 80 NY2d at 783). "In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d at 982, 983, quoting People v Farrar, 52 NY2d 302, 305).
Here, the defendant demonstrated that his failure to attend treatment sessions was related to his loss of healthcare benefits and lack of a salary. The defendant submitted evidence that, upon the resumption of his healthcare benefits, he re-entered the program, and his progress letters demonstrated that he had shown insight into his substance abuse and noted that his urine screenings were negative for any substances. Moreover, a psychologist, who was an expert in addiction disorders and who had evaluated the defendant, opined that the defendant had a mild alcohol use disorder and was not likely to be a recidivist. The defendant had no further positive transdermal readings, installed an Ignition Interlock Device in his vehicle, and had successfully utilized the "Sober Link," a personal breath-testing device. Moreover, three of the defendant's work supervisors [*2]submitted letters of recommendation on his behalf. Considering the particular circumstances under which the defendant failed to comply with the express terms of the plea agreement, we find that the Supreme Court's imposition of a 1-year term of incarceration, rather than the originally agreed-upon term of incarceration of 90 days with credit for the time which the defendant served, rendered the incarceration component of the sentence imposed unduly harsh. Accordingly, we modify the sentence to the extent indicated herein.
The defendant's contention that the sentencing court improperly abdicated its responsibility as the sole arbiter of the facts is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. The defendant's further contention that there were internal inconsistencies within the plea and sentence agreement, rendering it unenforceable, is without merit.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court