People v Guzman (2020 NY Slip Op 05923)





People v Guzman


2020 NY Slip Op 05923


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13740
 (Ind. No. 757/18)

[*1]The People of the State of New York, respondent,
v
Lorenzo Isaias Guzman, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed October 16, 2018, sentencing him to concurrent determinate terms of imprisonment of 4½ years, to be followed by 5 years of postrelease supervision, upon his conviction of two counts of attempted arson in the second degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the concurrent determinate terms of imprisonment of 4½ years to concurrent determinate terms of imprisonment of 3½ years, and by reducing the period of postrelease supervision from 5 years to a period of postrelease supervision of 2½ years.
"In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, 'among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d 981, 982-983, quoting People v Farrar, 52 NY2d 302, 305; see Penal Law § 1.05; People v McConnell, 49 NY2d 340, 346; People v Diaz, 146 AD3d 803, 805-806). Based upon our review of the relevant circumstances presented in this case, we exercise our discretion in the interest of justice and reduce the sentence to the extent indicated.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court