People v Kerringer (2021 NY Slip Op 03852)





People v Kerringer


2021 NY Slip Op 03852


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05410
 (Ind. No. 321/16)

[*1]The People of the State of New York, respondent,
v
Joseph M. Kerringer, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered April 20, 2017, convicting him of attempted criminal possession of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 6½ years plus 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 6½ years plus 5 years of postrelease supervision to a determinate term of imprisonment of 4 years plus 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was arrested after he took a package containing heroin from an undercover officer while in a parking lot outside of a Walmart store. The defendant, who was employed as a correction officer, became involved in the subject criminal transaction through his conversations with an inmate at the correctional facility where he worked. The defendant pleaded guilty to attempted criminal possession of a controlled substance in the second degree, and was sentenced to a determinate term of imprisonment of 6½ years plus 5 years of postrelease supervision.
"An intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (People v Delgado, 80 NY2d 780, 783; see CPL 470.15[6][b]; People
v Thompson, 60 NY2d 513, 519). "Our sentencing review power 'may be exercised, if the interest of justice warrants, without deference to the sentencing court'" (People v Kordish, 140 AD3d 981, 982 [emphasis omitted], quoting People v Delgado, 80 NY2d at 783). In considering whether a sentence is unduly harsh or severe under the circumstances (see CPL 470.15[6][b]), "we exercise our discretion giving consideration to, 'among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d at 982-983, quoting People v Farrar, 52 NY2d 302, 305; see Penal Law § 1.05; People v Diaz, 146 AD3d 803, 805-806).
Here, the defendant's criminal conduct at 35 years of age was aberrational, as he had no prior criminal history. Upon being arrested, the defendant took responsibility for his criminal conduct, and expressed remorse. He pleaded guilty and has continued to express remorse throughout the judicial process. The defendant submitted numerous letters to the County Court showing his strong community ties, and the presentence investigation report shows that the defendant provides [*2]financial support to his parents, who have health issues. While we agree with the sentencing court that, given the defendant's employment as a correction officer, the deterrence factor militates in favor of imposing a harsh sentence in excess of the minimum, the sentence imposed was unduly harsh and severe under the circumstances. Based upon our review of all of the relevant factors, we exercise our discretion in the interest of justice and reduce the sentence to the extent indicated.
BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
DILLON, J.P., dissents, and votes to affirm the judgment, with the following memorandum, in which AUSTIN, J., concurs:
We respectfully dissent and vote to affirm the sentence.
The sentencing court was rightly troubled that the defendant took an oath as a correction officer and then violated that public trust when an inmate, over whom the defendant had authority, brokered his participation in the criminal conduct at issue here. At the site of the transaction, the defendant was handed a package and told it was heroin. Upon learning the contents of the package, the defendant's response was not to back out of the arrangement, but instead he asked where he was to deliver the package. The sentencing court noted the importance of deterrence and how that sentencing factor may be of particular relevance here to assure that there be consequences when officers violate their public oaths. The sentencing court otherwise engaged in a fulsome and balanced consideration of the relevant facts and sentencing factors in imposing the bargained-for 6-½ year sentence that is in the mid-point of the permissible statutory range (see Penal Law § 70.71[2][b][ii]). Accordingly, we conclude that the County Court providently exercised its discretion, as the sentence imposed is neither harsh nor excessive (see People v Janvier, 186 AD3d 1247, 1249-1250; People v Suitte, 90 AD2d 80, 86).
ENTER:
Aprilanne Agostino
Clerk of the Court