THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant

On appeal, the defendant contends that the hearing court erred in denying his motion to suppress the statements he made to the police, because he was arrested without probable cause, and because, contrary to the hearing court's finding, he invoked his right to counsel when he was arrested.

Contrary to the defendant's claim, the codefendant's statements made to the police and to an Assistant District Attorney specifically implicated the defendant in the crime and provided probable cause for the defendant's arrest *(see, People v Berzups,* 49 NY2d 417; *People v Crawford,* 113 AD2d 771). Further, the findings of the hearing court that the defendant was given his *Miranda* warnings and that he knowingly and voluntarily waived those rights and confessed to the police are supported by the record *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

We also note that the court did not err in admitting the codefendant's confession into evidence at this joint trial, since the confessions of the defendant and the codefendant were interlocking *(see, People v Cruz,* 66 NY2d 61, *cert granted —* US —, 106 S Ct 2888; *People v Safian,* 46 NY2d 181, *cert denied sub nom. Miner v New York,* 443 US 912; *People v McNeil,* 24 NY2d 550; *People v Brensic,* 119 AD2d 281).

We have considered the defendant's remaining contentions, including those set forth in his *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, J. P., Brown and Eiber, JJ., concur.