■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY RODRIGUEZ, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Kooper, J.), rendered February 16, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant and two others were charged with acting in concert in committing murder in the second degree (intentional and felony murder) and robbery in the first degree. These charges arose from the robbery and death by stabbing of Lo Fat Cheung on August 30, 1981, at about 2:00 A.M., in the victim's restaurant located at Flatbush and Fifth Avenues in Brooklyn. A codefendant, Jose Rivera, charged with the same crimes, was jointly tried with the defendant and convicted of murder in the second degree (intentional), which conviction was affirmed by this court (People v Rivera, 124 AD2d 611, lv denied 69 NY2d 749). The defendant was convicted of felony murder.

Contrary to the defendant's contention, we find that the evidence presented during the pretrial hearing supports the court's conclusion that he was properly arrested upon probable cause predicated upon information provided by an identified citizen who observed the defendant covered with blood shortly after the murder, together with an accomplice, who bragged about the fact that they had both just robbed and stabbed a Chinese man (see, People v Hairston, 117 AD2d 618, 620, lv denied 67 NY2d 884). The mere fact that the identified informant had provided the police with information in the past did not strip him of his citizen-informant status. Nor is there any indication in the record that he was paid for the information or solicited in any way to assist the police (cf., People v Johnson, 66 NY2d 398).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or devoid of merit. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.