■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SELLERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 20, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress lineup identification testimony is granted, and a new trial is ordered. No questions of fact have been raised or considered.

On March 15, 1985, Detective William Parker of the New York City Police Department was assigned to investigate a robbery which occurred that same day, at the complainant Joseph Pecora's catering business located at 35-11 Vernon Boulevard in Queens County. Pursuant to that investigation, he interviewed the complainants Paul and Joseph Pecora, who described the two individuals who committed the robbery. According to Detective Parker's testimony at the *Wade* hearing, they described the individual believed to be the defendant as a black male, approximately 5 feet, 7 inches tall, weighing about 145 pounds, and as having no mustache. The complainant Joseph Pecora also provided Detective Parker with the license plate number and general description of the car believed to have been used by the perpetrators to flee the scene, as related to him by an unknown bystander who had written the information down on a piece of paper.

In furtherance of the investigation, Detective Parker learned that the car was registered to Joanne Sellers. Thereafter, on March 27, 1985, Detective Parker conducted a stakeout at the address indicated on the car's registration and observed the defendant driving the car bearing the license plate number that was provided to him, "and based on the description that was given to [him] by the complainant, [he] placed [the defendant] under arrest for that robbery". The complainants did not testify at the suppression hearing.

Following a jury trial, the defendant was convicted of robbery in the first degree. This appeal ensued, the defendant arguing that the police lacked probable cause to arrest him and, thus, that the fruits of his arrest, that is, the lineup identifications by the complainants, should have been suppressed. We agree.

Although Detective Parker may have had reasonable cause to believe that the car the defendant was driving immediately before he was arrested was used by the perpetrators of the robbery, the very vague description of one of the perpetrators that Detective Parker received from the complainants was not sufficient to constitute probable cause for the defendant's arrest (see, People v Dawkins, 163 AD2d 322; People v White, 117 AD2d 127, 128-131). Therefore, the evidence obtained as a

result of that illegal arrest, that is, the lineup identifications of the defendant by the complainants, should have been suppressed *(see, People v Johnson,* 66 NY2d 398, 407; *People v Dawkins, supra)*. "Accordingly, the defendant is entitled to a new trial, prior to which the People shall be given the opportunity to establish that the complainant[s'] in-court identification of the defendant was not 'acquired by exploitation of the arrest but by means sufficiently distinguishable from it to be purged of illegality' " *(People v Dawkins, supra,* at 325, quoting from *People v Johnson, supra,* at 407; *see generally, People v Martinez,* 37 NY2d 662).

In light of the foregoing, we decline to reach the defendant's remaining contentions. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.