THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY BEACH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress the evidence seized from his

person in a warrantless search by the State Police, and to suppress his statements to them on the ground that they were the result of an illegal vehicle stop. We conclude that the stop was valid because it was based on reasonable suspicion and the driver's consent, and that the search of defendant was supported by probable cause.

Prior to the stop the State Police received a call from the driver of the vehicle, who had previously provided them with reliable information. He stated that defendant told him that at 5:00 P.M. he was being picked up at his apartment in Geneva to go to Rochester to buy cocaine. Defendant asked the driver to meet him at his apartment at 9:00 P.M. to repackage the cocaine and to take him to Geneva to sell it. An agreement was reached whereby at approximately 9:30 P.M., while the driver was traveling toward Geneva on Border City Road, the State Police would stop his vehicle. After the call, the State Police conducted a surveillance that confirmed, in part, the information they had received. The police therefore had specific and articulable facts that provided reasonable suspicion that defendant had committed a crime to support the stop of the vehicle (see, People v Sobotker, 43 NY2d 559, 563-564; see generally, Terry v Ohio, 392 US 1, 21; People v Salaman, 71 NY2d 869; People v Castro, 68 NY2d 850, 851). Additionally, because the driver, who was the owner of the vehicle, agreed to have the police stop his car, the stop was by consent and, therefore, permissible (see generally, People v Morales, 42 NY2d 129, cert denied 434 US 1018).

Defendant further contends that the search of his person at the State Police barracks was improper. At the time of the stop, the driver advised the State Police that defendant had cocaine on his person and an officer observed that defendant had an irregularly shaped bulge in his pants, which he believed was narcotics. That information, in conjunction with the information already possessed by the State Police, provided probable cause to believe that defendant was in possession of cocaine (CPL 140.10 [1] [b]; see, People v Cantre, 65 NY2d 790; People v McRay, 51 NY2d 594, 601-602; People v Rodriguez, 135 AD2d 755, 756, lv denied 71 NY2d 902). Because the police had probable cause to believe that defendant had committed a crime, they were authorized to search him incident to his arrest (see, Chimel v California, 395 US 752, 762-763; People v De Santis, 46 NY2d 82, 87, cert denied 443 US 912). The fact that the strip search of defendant at the State Police barracks occurred before his arrest for criminal possession of cocaine is immaterial because the search was in

temporal proximity to the arrest and was founded upon probable cause *(see, People v Landy,* 59 NY2d 369, 377; *People v Evans,* 43 NY2d 160, 165-167).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Seneca County Court, Falvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.