■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR L. DUKES, III, Respondent. [667 NYS2d 170] —Order unanimously affirmed. Memorandum: County Court properly granted defendant's motion to suppress on the ground that the arresting officers did not have probable cause to believe that defendant had engaged in illegal activities to support his warrantless arrest. The record establishes that, approximately three weeks before defendant was arrested, he sold drugs to an undercover police informant. Although the police decided to delay arresting defendant, they failed to obtain an arrest warrant. The informant subsequently advised the police that defendant left for Florida to "pick up a load", i.e., to obtain drugs. The police later received information from two informants that defendant had returned from Florida, was driving a rental car with Florida plates and had "brought up a load with him". The police observed defendant driving a rental car with Florida plates and followed him to the parking lot behind the Orleans County Administration Building. In the parking lot, defendant spoke to two women who were seated in a gray car. During the

conversation, defendant reached his hand into the gray car and made contact with the hand of one of the women. The police did not observe anything being exchanged and could not rule out that defendant and the woman had only shaken or slapped hands. After defendant left the parking lot, he made two stops, one of which was at a business where five days earlier the police had executed a search warrant for narcotics. The police then stopped defendant. Defendant had not committed any traffic infractions before the police stopped and arrested him. During an ensuing search of defendant, the police found a small bag of marihuana and a brown pill bottle containing 13 pieces of crack cocaine.

In granting the motion to suppress, the court found that the People failed to satisfy the basis of knowledge prong of the *Aguilar-Spinelli* test. We agree. The informants did not tell the police that defendant was in possession of drugs or that they had recently observed defendant in Orleans County with drugs. Rather, they indicated to the police that defendant was bringing up drugs from Florida. Furthermore, the description of defendant's activities was not sufficiently particular to warrant an inference of personal knowledge (*see generally, People v DiFalco*, 80 NY2d 693, 696-697). Thus, the People failed to establish that the informants had a sufficient basis of knowledge that defendant presently possessed illegal narcotics (*see, People v Bigelow*, 66 NY2d 417, 424). Furthermore, the observations of defendant by the police, although corroborative of data received from the informants, did not establish probable cause. The fact that defendant drove a Florida rental car was not suggestive of criminal activity. Moreover, the police did not observe the exchange of any objects between defendant and the woman in the gray car. Additionally, the hand-to-hand contact occurred in the middle of the afternoon in a location that was not identified as an area known for narcotics-related activities. Under those circumstances, defendant's actions were "susceptible to innocent interpretation," and the police did not have probable cause to stop, arrest and subsequently search him (*People v Wilson*, 175 AD2d 15, 17-18, *lv denied* 78 NY2d 1015; *see, People v Elwell*, 50 NY2d 231, 236-238; *People v Farley*, 184 AD2d 726, *lv denied* 81 NY2d 762). (Appeal from Order of Orleans County Court, Punch, J.—Dismiss Indictment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.