■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. WALKER, Appellant. [735 NYS2d 903] —Judgment unanimously reversed on the law, motion granted, indictment dismissed and matter remitted to Steuben County Court for proceedings pursuant to CPL 470.45. Memorandum: County Court erred in denying defendant's motion to suppress physical evidence seized by the police as the result of the stop and

search of the taxicab in which defendant and the codefendant were passengers. The stop and search occurred after an informant who was in custody on drug charges in Elmira advised police that defendant was in possession of a large quantity of crack cocaine and that he and the codefendant were staying at a hotel in Corning. After the Corning police confirmed that a room at the hotel was registered in the codefendant's name, the Elmira police arranged for the informant to make tape-recorded telephone calls to that room. During one of the calls, the informant advised defendant that a potential customer in Elmira was interested in buying one-quarter ounce of cocaine. Defendant expressed irritation at the informant's failure to provide that information to him when he had been in Elmira. He explained to the informant that he had just taken a taxicab from Elmira to Corning and was unwilling to go back out at 3:00 A.M., and he stated that the informant would have to come to Corning "to take care of the deal." During the conversations between defendant and the informant, the Corning police maintained surveillance of defendant and the codefendant. When their search of the public areas of the hotel yielded no illegal drugs and they learned that defendant had not arranged a sale, the Corning police left the hotel. Approximately 15 minutes later, the hotel desk clerk advised the Corning police that defendant and the codefendant were leaving in a taxicab, and further investigation revealed that the taxicab was headed for Rochester. The police stopped the taxicab en route, removed defendant and the codefendant, searched the back seat and discovered crack cocaine secreted in a Doritos chip bag in a gap between the seat cushions.

Contrary to the People's contention, the stop and search of the taxicab were not justified under the automobile exception to the warrant requirement. "The automobile exception * * * is an exception only to the warrant requirement; it does not * * * dispense with the requirement that there be probable cause to search the vehicle" (*People v Blasich,* 73 NY2d 673, 678, citing *People v Langen,* 60 NY2d 170, 181, *cert denied* 465 US 1028). The information provided by the informant is insufficient to establish probable cause to search the taxicab because the evidence at the suppression hearing failed to satisfy either prong of the *Aguilar-Spinelli* test (*Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see generally, People v DiFalco,* 80 NY2d 693, 696-697). The People conceded that the informant was "of 'no known reliability' " (*People v Burks,* 134 AD2d 604, 605), and there was no evidence that his information was based upon personal knowledge or observation (*see, People v Bigelow,* 66 NY2d 417, 424; *People v West,* 44

NY2d 656, 657; *People v Dukes,* 245 AD2d 1052, 1053). Further, the telephone conversation in which defendant expressed a general willingness to arrange a drug deal at an unspecified future time is insufficient to establish probable cause (*see, People v Gomcin,* 265 AD2d 493, 495, *lv granted* 94 NY2d 903, *appeal dismissed* 95 NY2d 821). Defendant did not indicate during that conversation that he was then in possession of cocaine and no one, including the informant, ever observed defendant in possession of cocaine. The remainder of the circumstances relied upon by the People, i.e., the conduct of defendant and the codefendant at the hotel and their departure in a taxicab for Rochester, are susceptible of innocent interpretation (*see, People v Dukes, supra,* at 1053). Thus, because the stop and search of the taxicab were not supported by probable cause, we grant the motion of defendant to suppress physical evidence obtained by the police as the result of that stop and search, and we dismiss the indictment against him. In view of our decision, we do not address defendant's remaining contentions. (Appeal from Judgment of Steuben County Court, Latham, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.