■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. CARNCROSS, Appellant. [873 NYS2d 831]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 14, 2007. The judgment convicted defendant, upon a jury verdict, of aggravated criminally negligent homicide and reckless driving.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated criminally negligent homicide (Penal Law § 125.11) and reckless driving (Vehicle and Traffic Law § 1212). The conviction arises out of an incident in which a New York State Trooper lost control of his vehicle and crashed into a tree while pursuing a motorcycle driven by defendant, who was traveling in excess of the speed limit. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that he possessed the requisite mens rea for criminally negligent homicide (*see People v Gray*, 86 NY2d 10, 19 [1995]). The further contention of defendant that the evidence is legally insufficient to establish that he caused the death of the Trooper is without merit. "To be held criminally responsible for a homicide, a defendant's conduct must actually contribute to the victim's death . . . by 'set[ting] in motion' the events that result in the killing" (*People v DaCosta*, 6 NY3d 181, 184 [2006]; *see People v Matos*, 83 NY2d 509, 511 [1994]). "Liability will attach even if the defendant's conduct is not the sole cause of death . . . if the actions were a sufficiently direct cause of the ensuing death" (*DaCosta*, 6 NY3d at 184 [internal quotation marks omitted]; *see Matter of Anthony M.*, 63 NY2d 270, 280 [1984]). Here, "the evidence was sufficient to prove that defendant's conduct 'set in motion and legally caused the death' " of the Trooper (*DaCosta*, 6 NY3d at 185).

As defendant correctly concedes, he failed to preserve for our review his contention that County Court erred in its jury charge (*see People v Richardson*, 203 AD2d 932 [1994], *lv denied* 84 NY2d 831 [1994]), and we decline to exercise our power to

review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contentions, the court did not abuse its discretion in granting the People's motion to disqualify defense counsel (*see People v Gordon*, 272 AD2d 133, 134 [2000], *lv denied* 95 NY2d 890 [2000]; *People v Liuzzo*, 167 AD2d 963 [1990], *appeal dismissed* 77 NY2d 866 [1991]), and the grand jury proceedings were not defective. We conclude with respect to the grand jury proceedings that the opinion testimony of a New York State Police Investigator concerning the ultimate issues of causation and whether the Trooper was acting in the course of his official duties at the time of his death did not improperly invade the province of the grand jury (*cf. People v Champion*, 247 AD2d 901 [1998], *lv denied* 91 NY2d 971 [1998]). In any event, even assuming, arguendo, that the opinion testimony was improper, we note that "the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d 400, 409 [1996]), and that is not the case here. We further conclude that the prosecutor's legal instructions to the grand jury on causation were not " 'so misleading or incomplete as to substantially undermine the integrity of the proceedings' " (*People v Wooten*, 283 AD2d 931, 932 [2001], *lv denied* 96 NY2d 943 [2001], quoting *People v Caracciola*, 78 NY2d 1021, 1022 [1991]).

Defendant further contends that the court erred in refusing to suppress his statements to the police because his right to counsel had attached when he made those statements, and he made the statements based on the advice of defense counsel, who was incompetent. We agree with defendant that his right to counsel had attached at the time he made the statements. In addition, we conclude that the general rule that "the State is not charged with the responsibility of guaranteeing effective legal representation upon the entry of counsel at the preaccusatory, investigatory stage of a criminal matter, i.e., before the commencement of formal adversarial judicial criminal proceedings" does not apply here (*People v Claudio*, 83 NY2d 76, 78 [1993]). As the court properly determined, defendant's right to effective assistance of counsel attached when a violation of probation petition was filed shortly before defendant made those statements. We nevertheless conclude that suppression was not required inasmuch as defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Fahey, Green and Pine, JJ.