People v Beaubrun (2020 NY Slip Op 00293)





People v Beaubrun


2020 NY Slip Op 00293


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-00505
 (Ind. No. 10379/13)

[*1]The People of the State of New York, respondent,
v
Evens Beaubrun, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered January 6, 2015, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was indicted on various drug charges arising from a so-called buy-and- bust operation in which he allegedly sold crack cocaine to an undercover officer. Following a jury trial, the defendant was convicted of all charges.
Contrary to the defendant's contention, the People established at a suppression hearing that the police had probable cause to arrest him (see generally People v Bigelow, 66 NY2d 417, 423). A police officer arrested the defendant based on radio transmissions from a fellow officer involved in this buy-and-bust operation, indicating a "positive buy" from a lone black male driving a gold or tan Honda Accord and providing updates as to the vehicle's location and direction. Within a minute or two after the last transmission, the arresting officer stopped the defendant's vehicle and arrested him. The contents of the radio transmissions, coupled with the temporal proximity of the stop of the defendant's vehicle, were sufficient to support a finding of probable cause (see People v Ketcham, 93 NY2d 416, 421-422; People v Petralia, 62 NY2d 47, 51-52; People v Savage, 29 AD3d 1022, 1023; People v Serrano, 231 AD2d 748, 748-749; People v Pegram, 203 AD2d 391, 391; cf. People v Sellers, 168 AD2d 581; People v Dawkins, 163 AD2d 322, 324).
The defendant was not deprived of his right to a public trial when the Supreme Court closed the courtroom to the general public, other than the defendant's family and girlfriend, during the testimony of the undercover officers. The testimony at the Hinton hearing (see People v Hinton, 31 NY2d 71) established a specific link between the officers' safety concerns and open-court testimony in this case (see People v Ramos, 90 NY2d 490, 498-500; People v Martinez, 82 NY2d 436, 443). Further, since the defendant failed to establish a relationship other than ordinary [*2]friendship with two proposed spectators (see People v Nazario, 4 NY3d 70, 74), the People were not required to establish that either proposed spectator posed a particular threat to the undercover officers, and those proposed spectators were properly excluded from the courtroom during the testimony of the undercover officers (see People v Brown, 107 AD3d 499, 500; People v Thomas, 52 AD3d 626, 627; People v Sweeney, 25 AD3d 335, 336).
The defendant's contention that certain remarks made by the prosecutor during summation require reversal is unpreserved for appellate review, since the defendant either completely failed to object to the remarks at issue or made only a general objection, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see People v Romero, 7 NY3d 911, 912; People v Willis, 165 AD3d 984, 985). In any event, most of the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment (see People v Galloway, 54 NY2d 396, 399; People v Anthony, 24 NY2d 696, 703-704; People v Morrow, 143 AD3d 919, 921; People v Adamo, 309 AD2d 808, 810). The prosecutor did not attempt to shift the burden of proof to the defendant (cf. People v Collins, 12 AD3d 33, 38). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Hernandez, 171 AD3d 791, 792; People v Wilson, 163 AD3d 881, 882).
Under the circumstances of this case, we decline the defendant's request to hold the appeal in abeyance and direct the People to turn over certain documents to the defense based on statements made by the People during a trial colloquy (cf. Civil Rights Law § 50-a[1]).
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court