People v Dixon (2020 NY Slip Op 01764)





People v Dixon


2020 NY Slip Op 01764


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


205 KA 16-01187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMANTHA DIXON, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered April 12, 2016. The judgment convicted defendant, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), arising from her sale of heroin to a confidential informant. Defendant's contention that the evidence is legally insufficient to support the conviction because the testimony of the People's witnesses was incredible as a matter of law is not preserved for our review (see People v Wilcher, 158 AD3d 1267, 1267-1268 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; People v Gaston, 100 AD3d 1463, 1464 [4th Dept 2012]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. In presenting their case, the People offered the testimony of the confidential informant to establish the elements of the crimes charged, including defendant's knowing possession, intent to sell, and sale of a controlled substance. The confidential informant's testimony "was not incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (Wilcher, 158 AD3d at 1268 [internal quotation marks omitted]; see People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]). The confidential informant's criminal history and receipt of a benefit in exchange for her willingness to work with the police did not render her testimony incredible as a matter of law (see People v Hodge, 147 AD3d 1502, 1503 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; People v Carr, 99 AD3d 1173, 1174 [4th Dept 2012], lv denied 20 NY3d 1010 [2013]). Those facts were placed before County Court, and we see no basis to disturb the court's credibility determination (see Carr, 99 AD3d at 1174). Furthermore, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support defendant's conviction with respect to each count (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Bausano, 122 AD3d 1341, 1342 [4th Dept 2014], lv denied 25 NY3d 1069 [2015]). Neither the absence of a recording of the transaction nor defendant's challenges to the credibility of the police witnesses precluded the court from finding, based on the testimony of the confidential informant and the forensic chemist who confirmed that the tested substance contained heroin, that defendant knowingly and unlawfully possessed heroin with intent to sell and did sell the drug to the informant (see Penal Law §§ 220.16 [1]; 220.39 [1]; People v Nichol, 121 AD3d 1174, 1177 [3d Dept 2014], lv denied 25 NY3d 1205 [2015]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the [*2]weight of the evidence (see generally Bleakley, 69 NY2d at 495 [1987]; People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court