People v Holley (2020 NY Slip Op 06621)





People v Holley


2020 NY Slip Op 06621


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


737 KA 19-01464

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEROY K. HOLLEY, DEFENDANT-APPELLANT. 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (STEVEN D. COLE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 19, 2019. The judgment convicted defendant, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). This case arises out of an incident where defendant and his adult son sold crack cocaine to a confidential informant during a controlled buy. As defendant correctly concedes, he failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v White, 114 AD3d 1256, 1257 [4th Dept 2014], lv denied 23 NY3d 1026 [2014]). In any event, we conclude that the contention is without merit. Contrary to defendant's contention, the People presented evidence establishing more than defendant's "mere presence at the scene" of the controlled buy (People v Fonerin, 159 AD3d 717, 719 [2d Dept 2018], lv denied 31 NY3d 1081 [2018]). Moreover, although during her testimony the confidential informant was confused about whether the person who used the street name "Ace" was defendant or defendant's son, that confusion did not render insufficient her identification of defendant as one of the two men involved in the controlled buy. The confidential informant's confusion about the alias, as well as her criminal history, were placed before County Court, and we see no basis to disturb the court's credibility determination (see People v Dixon, 181 AD3d 1190, 1191 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]). Also, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant that the court erred when it denied his oral motion at trial to suppress certain tangible evidence that was recovered during a traffic stop that occurred nine days after the controlled buy. Although the officer who executed the traffic stop testified during a hearing on defendant's oral motion that he stopped the vehicle because he was aware that it had been involved in the controlled buy, there was no evidence to establish that, at the time of the stop, the officer knew that the occupants of the vehicle were involved in the controlled buy nine days earlier, or that the rental vehicle was rented to the same person on the date of the controlled buy and the date of the traffic stop. The mere fact that a person is driving a vehicle that has been previously used in a crime is insufficient to permit the seizure of that person (see People v Sellers, 168 AD2d 581, 582-583 [2d Dept 1990], lv denied 77 NY2d 911 [1991]; People v Dawkins, 163 AD2d 322, 324 [2d Dept 1990]), and the evidence at the hearing is insufficient to establish that the " 'driver or occupants of the vehicle ha[d] committed, [were] committing, or [were] about to commit a crime' " (People v Bushey, 29 NY3d 158, 164 [2017]). Thus, we [*2]conclude that the court erred in denying defendant's oral motion to suppress tangible evidence (see generally People v Dukes, 245 AD2d 1052, 1053 [4th Dept 1997]; People v Beach, 187 AD2d 943, 944 [4th Dept 1992]). Nevertheless, we conclude that the evidence of defendant's guilt is overwhelming and there is no reasonable possibility that the admission of the tangible evidence seized during the traffic stop, i.e., defendant's driver's license, contributed to the conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant failed to preserve for our review his contention that the court improperly admitted in evidence without a proper foundation a recording of defendant's telephone call to his wife from jail inasmuch as he failed to raise that specific issue before the trial court (see People v Heard, 92 AD3d 1142, 1144-1145 [3d Dept 2012], lv denied 18 NY3d 994 [2012]; People v Devers, 82 AD3d 1261, 1262 [2d Dept 2011], lv denied 17 NY3d 794 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve his challenge to his waiver of the right to a jury trial because he "did not challenge the adequacy of the allocution related to [the] waiver" before the trial court (People v McCoy, 174 AD3d 1379, 1381 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 NY3d 994 [2020] [internal quotation marks omitted]; see People v Hailey, 128 AD3d 1415, 1415-1416 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). In any event, we conclude that the contention is without merit. The court's inquiry into defendant's understanding of the waiver of his right to a jury trial "was sufficient to establish that defendant understood the ramifications of such waiver" (People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]).
We reject defendant's contention that the trial judge should have, sua sponte, recused herself. "Absent a legal disqualification under Judiciary Law § 14, a [t]rial [j]udge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of 'nonjuridical data' " (People v Moreno, 70 NY2d 403, 405 [1987], quoting People v Horton, 18 NY2d 355, 362 [1966], cert denied 387 US 934 [1967]). In this case, disqualification was not required pursuant to section 14, "and defendant otherwise made no showing that the court's alleged bias affected the result of the trial" (People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]).
Contrary to defendant's further contention, he was not deprived of effective assistance of counsel. Defense counsel's failure to move for a trial order of dismissal and for sanctions based upon a purported Brady violation did not render his assistance ineffective because an ineffective assistance of counsel claim cannot be premised upon a failure to make motions that have little or no chance of success (see People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). We conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Finally, to the extent that defendant contends that the court failed to make a minimal inquiry into his request for new counsel, we conclude that defendant "failed to proffer specific allegations of 'a seemingly serious request' that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]; see People v Morris, 183 AD3d 1254, 1255 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]; People v Thompson, 32 AD3d 743, 743 [1st Dept 2006], lv denied 9 NY3d 870 [2007]; cf. People v Sides, 75 NY2d 822, 825 [1990]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court