People v Watkins (2023 NY Slip Op 05523)

People v Watkins

2023 NY Slip Op 05523

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-05489
 (Ind. No. 15/18)

[*1]The People of the State of New York, respondent,
v
Richard Watkins, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered May 2, 2019, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal sale of a firearm in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a determinate term of imprisonment of 18 years plus 5 years of postrelease supervision on the conviction of criminal sale of a controlled substance in the first degree, determinate terms of imprisonment of 8 years plus 5 years of postrelease supervision on the convictions of criminal sale of a controlled substance in the second degree, determinate terms of imprisonment of 6 years plus 3 years of postrelease supervision on the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, a determinate term of imprisonment of 10 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, a determinate term of imprisonment of 6 years plus 5 years of postrelease supervision on the conviction of criminal sale of a firearm in the third degree, and a determinate term of imprisonment of 3½ years of plus 1½ years of postrelease supervision on the conviction of criminal possession of a controlled substance in the fourth degree, with the sentences imposed on the convictions of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree under count 7 of the indictment, and criminal possession of a weapon in the second degree to run consecutively to one another and concurrently with all of the other sentences, and with all of the other sentences to run concurrently with each other. The appeal brings up for review the denial, after a hearing (Alexander Jeong, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's conviction of criminal possession of a controlled substance in the [*2]fourth degree is the result of a 2017 encounter in which a police officer ordered the defendant to exit a vehicle and, eventually, recovered cocaine that had been on the defendant's person at the time of the directive. The defendant contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress the cocaine as the fruit of unlawful police action because the officer lacked the reasonable suspicion required to direct him to exit the vehicle. "Where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person" (People v Hollman, 79 NY2d 181, 185; see CPL 140.50[1]; People v De Bour, 40 NY2d 210, 223). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113; see People v William II, 98 NY2d 93, 98; People v Martinez, 80 NY2d 444, 448). Here, the testimony at the suppression hearing established that, prior to directing the defendant to exit the vehicle, the police officer, who was trained and experienced in the recognition of drugs, had detected the smell of marijuana from the open window of the car in which the defendant was seated. As the law existed in 2017, the officer had reasonable suspicion of criminal activity which justified his action in detaining the defendant by directing him to exit the vehicle (see People v Norman, 142 AD3d 1107, 1108; see also People v Riley, 218 AD3d 612, 613; People v Potter, 208 AD3d 802, 804). Thus, the court properly denied that branch of the defendant's omnibus motion which was to suppress the subject physical evidence.
The defendant contends that he was deprived of the right to due process and a public trial when, following a Hinton hearing (see People v Hinton, 31 NY2d 71) and the Supreme Court's closure of the courtroom to the general public during the testimony of an undercover officer, the court denied the defendant's application to admit two additional spectators to the courtroom. This contention is without merit. The People met their burden of establishing the need to close the courtroom to the general public in order to protect the witness's safety (see People v Ramos, 90 NY2d 490; People v Martinez, 82 NY2d 436). The burden thus shifted to the defendant "to show that [the] proposed spectator is linked to him by some tie of more significance than ordinary friendship" (People v Nazario, 4 NY3d 70, 74). Moreover, a court is not required to "accept [a] defendant's terse description of the proposed spectator at face value" (id. at 74). Here, the defendant proffered both of the additional spectators during a break in the undercover officer's testimony, and the defendant gave only general descriptions of the individuals' respective relationships to him. The court found that the defendant had been inconsistent and untruthful in such descriptions and concluded that it was clear that the subject spectators merely wanted to see "who the undercover [was]." Under these circumstances, the court did not improvidently exercise its discretion in excluding the subject spectators (see People v Beaubrun, 179 AD3d 829, 830-831; People v Brown, 107 AD3d 499, 500; People v Thomas, 52 AD3d 626, 627).
The sentence imposed was excessive to the extent indicated herein.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court