People v Bermudez-Cedillos (2024 NY Slip Op 03057)

People v Bermudez-Cedillos

2024 NY Slip Op 03057

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-01874
 (Ind. No. 2498/17)

[*1]The People of the State of New York, respondent,
v
Jorge Bermudez-Cedillos, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers, Glenn Green, and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered December 20, 2018, convicting him of attempted kidnapping in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of attempted kidnapping in the second degree.
"Where a defendant moves to suppress evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Aguilera, 158 AD3d 638, 638 [internal quotation marks omitted]). Automobile stops are lawful when, among other things, they are "based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Mortel, 197 AD3d 196, 206 [internal quotation marks omitted]). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (People v Watkins, 221 AD3d 620, 621 [alterations and internal quotation marks omitted]).
Here, the County Court did not err in concluding that the police officers' stop of a van, in which the defendant was a passenger, was supported by reasonable suspicion. The evidence adduced at the suppression hearing established that the officers observed that the van matched a description and a photograph of a vehicle that they were investigating in connection with, among other things, an alleged assault that had occurred the previous day in the same vicinity. Furthermore, an officer described the positioning of the van as "angled off the roadway onto the sidewalk" or "almost up on the sidewalk." Consequently, contrary to the defendant's contentions, the record supports the court's determination that the People established that the officers had reasonable suspicion to stop the van (see People v Mortel, 197 AD3d at 208; People v Bianchi, 208 AD2d 551, 551-552, affd 85 NY2d 1022), which later ripened into probable cause to place the defendant under [*2]arrest (see People v Mena, 172 AD3d 1235, 1236). Since the initial stop and subsequent arrest of the defendant were lawful, the court correctly denied that branch of the defendant's omnibus motion which was to suppress the custodial statements made by him as the fruits of the poisonous tree (see People v Alvarez, 100 NY2d 549, 550; People v Mais, 71 AD3d 1163, 1165).
The defendant failed to preserve for appellate review his contention that his plea was not knowing, voluntary, or intelligent, since he failed to move to vacate his plea or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Williams, 27 NY3d 212, 222; People v Monroe, 174 AD3d 649, 650). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Williams, 27 NY3d at 214; People v Morris, 200 AD3d 995, 996), and we decline to consider the defendant's contention in the exercise of our interest of justice jurisdiction. The defendant's related contention that the court committed a mode of proceedings error is without merit.
In light of the foregoing, we need not reach the People's remaining contentions.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court