People v Garcia (2026 NY Slip Op 00386)

People v Garcia

2026 NY Slip Op 00386

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2018-15102
 (Ind. No. 2441/16)

[*1]The People of the State of New York, respondent,
vLuis Garcia, appellant.

Sabato Caponi, Bohemia, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered November 19, 2018, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that a detective's grand jury testimony impaired the integrity of the grand jury proceeding to such a degree that the indictment should have been dismissed is unpreserved for appellate review. The defendant failed to move to dismiss the indictment on that specific ground (see People v Edwards, 230 AD3d 1250, 1253; People v Sicilianonunez, 172 AD3d 912, 913; People v Forde, 140 AD3d 1085, 1087), and his motion to re-inspect the grand jury minutes was insufficient to preserve his contention for appellate review (see People v Brown, 81 NY2d 798, 799; People v Edwards, 230 AD3d at 1253; People v Agee, 57 AD3d 1486, 1486-1487). In any event, the "exceptional" remedy of dismissal of an indictment is warranted only where prosecutorial misconduct, fraudulent conduct, or errors created a possibility of prejudice (People v Huston, 88 NY2d 400, 409; see People v Addimando, 197 AD3d 106, 121). Here, the admission of the subject testimony did not impair the integrity of the grand jury proceeding to the extent that dismissal of the indictment was required (see People v Edwards, 230 AD3d at 1253; People v Carncross, 59 AD3d 1112, affd 14 NY3d 319; People v Smith, 289 AD2d 597) in view of the sufficiency of the independent, admissible proof that supported the indictment (see People v Addimando, 197 AD3d at 121; People v Kappen, 142 AD3d 1106).
Contrary to the defendant's contention, the County Court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "Where a defendant moves to suppress evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Aguilera, 158 AD3d 638, 638 [internal quotation marks omitted]). Automobile stops are lawful when, among [*2]other things, they are "based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Mortel, 197 AD3d 196, 206 [internal quotation marks omitted]). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (People v Watkins, 221 AD3d 620, 621 [alteration and internal quotation marks omitted]).
Here, the evidence adduced at the suppression hearing established that police officers received radio transmissions about a burglary and GPS location information for a stolen cell phone. The GPS location was updating in "close to real time," leading the officers to believe that the tracked phone was inside a red Ford Focus, as, at approximately 3:53 a.m., it was the only moving nonpolice vehicle at that GPS location, and the officers stopped the red Ford Focus. Under the circumstances, the officers reasonably suspected that the tracked phone was inside the red Ford Focus and that the defendant, who was driving the vehicle, or the occupants were involved in the burglary, which was reported to have occurred less than 10 minutes prior to the stop (see People v Bowers, 148 AD3d 1042). Thereafter, the officers requested that an alert be sent to the phone, and a ringtone was heard from the passenger side of the red Ford Focus. Accordingly, the record supports the County Court's determination that the People established that the officers had reasonable suspicion to stop the vehicle (see People v Mortel, 197 AD3d at 208; People v Bianchi, 208 AD2d 551, 551-552, affd 85 NY2d 1022), which later ripened into probable cause to place the defendant under arrest (see People v Mena, 172 AD3d 1235, 1236). Since the initial stop and subsequent arrest of the defendant were lawful, the court correctly denied those branches of the defendant's omnibus motion which were to suppress physical evidence as well as custodial statements made by him as the fruits of the poisonous tree (see People v Alvarez, 100 NY2d 549, 550; People v Mais, 71 AD3d 1163, 1165).
The defendant failed to preserve for appellate review his contention that the County Court erred in failing to charge the jury that a witness was an accomplice as a matter of law pursuant to CPL 60.22 (see id. § 470.05[2]). In any event, while the court should have charged the jury that the witness was an accomplice as a matter of law, the error was harmless because the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error affected the verdict (see People v Crimmins, 38 NY2d 407; People v Chestnut, 24 AD3d 463, 464).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court